Shalini Dogra, (*to be admitted pro hac vice*)
*shalini@dogralawgroup.com*
Dogra Law Group PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Telephone: (747) 234-6673
Facsimile: (310) 868-0170
*Attorneys for Named Plaintiff LEILANI DOAN and Proposed Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LEILANI DOAN, as an individual and on behalf of all others similarly situated; Plaintiff, <br><br> v. <br><br> LVMH MOET HENNESSY LOUIS VUITTON, INC., a New York Corporation; and DOES 1 through 50, Inclusive, <br><br> Defendants. | Case No: <br><br> **PLAINTIFF'S CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Leilani Doan, by and through her attorneys, brings this action on behalf of herself and all other similarly situated against LVMH Moet Hennessy Louis Vuitton Inc. ("LVMH") and Does 1 through 50. Plaintiff hereby alleges, on information and belief, except as those allegations which pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

### NATURE OF THE ACTION

1.    This is a consumer class action that arises out of LVMH's deceptive advertising and marketing of its "Louis Vuitton® Keepall Bandouliere 50" handbag ("the Product").  (*see photos below*).



2.    Through its uniform labelling and advertising claims, LVMH false advertises the Product's composition, quality, benefits and value. LVMH advertises the Product as being leather, when it reality the Product is not leather. In actuality, the Product is substantially comprised from

non- leather materials, such as canvas. Hence, LVMH misrepresents and falsely touts the value and composition of the Product by displaying deceptive statements about the Product and consequently misleading consumers about the Product's quality and benefits.

3.    Undoubtedly, the composition of handbags and luggage (such as the unit of the Product Plaintiff bought in November 2023) are important to consumers. Individuals consider the material that a manufacturer uses to produce a handbag or travel bag to ascertain how long the item will last. Furthermore, reasonable consumers associate leather with being a higher quality material and believe that products made from leather will last longer and have more durability.

4.    In reliance on LVMH's misleading marketing and deceptive advertising practices of the Product, Plaintiff and similarly situated class members reasonably thought they were purchasing items made predominantly or entirely of leather and that provided certain advantages, quality and value. In fact, neither Plaintiff nor any of the member of the putative class received any of the benefits or level of quality they reasonably thought they were buying.

5.    Consequently, consumers are consistently misled into purchasing the Product for the commonly known and/or advertised benefits and characteristics when in fact no such benefits could be conferred by the Product.

6.    Based on the fact that LVMH's advertising misled Plaintiff and all others like her, Plaintiff brings this class against Defendants to seek reimbursement of the premium she and the Class Members paid due to LVMH's false and deceptive representations about the features and price of the Product.

7.    Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Product statewide in California for common law fraud, intentional and negligent misrepresentation, and unjust enrichment. Additionally, Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Product in California for violation of the California Bus. & Prof. Code §§17500, *et seq*., California's False Advertising Law ("FAL"), and Bus. & Prof. Code §§17200, *et seq*., California's Unfair Competition Law ("UCL"). Additionally, Plaintiff seeks relief on behalf of herself and all other buyers of the Product in California for violations of Uniform Commercial Code §§2-313 and 2-314, for breach of express and implied warranties.

**JURISDICTION AND VENUE**

8.     This Court has original subject matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 (codified in scattered sections of Title 28 of the *United States Code*), under 28 U.S.C. § 1332(d), which provides for the original jurisdiction of the federal district courts over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [that] is a class action in which....any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Because Plaintiff is a California resident, and LVMH is a citizen of New York, at least once member of the plaintiff class is a citizen of a State different from LVMH. Further, Plaintiff alleges the matter in controversy is well in excess of $5,000.000.00 in the aggregate, exclusive of interest and costs. Finally, Plaintiff alleges "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

9.     This Court also has authority to exercise subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and LVMH are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00

10.    This Court has personal jurisdiction over LVMH for reasons including but not limited to the following: LVMH has headquarters and principal place of business within New York. Venue

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because LVMH, one of the defendants of this litigation, resides in this District

**PARTIES**

12.    Plaintiff is a resident  and citizen of California.

13.    Plaintiff brings this suit on behalf of all persons who purchased the Product for personal use and not for resale in California (the "Plaintiff Class") within the last four (4) years or since the date of product launch, whichever time period is shorter (the "Class Period").  Pursuant to *Swearingen v. Late July Snacks LLC*, 2017 U.S. Dist. LEXIS 170928 (N.D. Cal. Oct. 16, 2017), Plaintiff reserves the right to broaden her proposed class to cover all handbags and items that are misbranded by LVMH as "leather" and that perpetuate similar violations as asserted herein. *Id., at*

*15-16. Further, Plaintiff maintains standing for such unpurchased goods and items, including handbag and travel accessories, that have "sufficient similarity" to the unit of the Product she purchased, including other brands owned by LVMH, including: Bulgari, Givenchy, Christian Dior, Fendi, Celine, Marc Jacobs, and Loewe . *Id.*

14.    LVMH is a corporation headquartered in the State of New York, with a principal place of business located at 19 East 57th Street, New York, NY 10022-2506.  LVMH advertises, sells, manufacturers, mass markets, and distributes the Product throughout California and the United States. Likewise, LVMH controls and oversees the advertising, packaging, production, marketing and financing protocol for the Product on a California-wide and nationwide basis.

15.    Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

16.    Plaintiff reserves her right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendants who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

17.    By way of the Product's uniform marketing and labelling, LVMH misrepresents the advantages and benefits of the Product.  Despite LVMH's marketing scheme for the Product, the Product does not actually provide any of its advertised benefits or composition. As a direct and proximate result of LVMH's violations of the CLRA, Plaintiff and members of the Plaintiff Class were tricked into paying for the Product, even though the Product did not provide any of its advertised advantages at all.

18.    Through its uniform labelling and advertising claims, LVMH false advertises the Product's composition, quality, benefits and value. LVMH advertises the Product as being leather, when it reality the Product is not leather. In actuality, the Product is substantially comprised from

non- leather materials, such as canvas. To further reinforce its misrepresentations about the Product being made of leather, LVMH gives buyers care instructions that apply specifically to leather and refer to the Product as being a leather item. For example, the directions for care that accompany Product's unit that Plaintiff bought during the relevant time period include: "avoid contact with *other* leathers" (emphasis added), "avoid direct exposure to sunlight," and "keep your product away from water." When individuals see the Product being identified as leather goods, and advertised as being made from leather, especially in conglomeration with care directions that are meant solely for leather material and a multi-thousand-dollar or several-hundred-dollar price tag, they will reasonably conclude that the Product is made entirely or predominantly of leather. Likewise, even if LVMH foregoes placing the term "100%" in front of the Product's "leather" labelling claim, when reasonable individuals see high-costing items marketed as "leather handbag," "made of leather" or "leather good," as LVMH identifies the Product, they will believe the items are made entirely or predominantly of leather.

19.    In reality, however, as demonstrated by independent tests and analysis, the Product is not made of leather. In actuality, the Product is manufactured substantially with non-leather materials that cost much less than leather. Moreover, the materials that LVMH uses to adulterate the Product is inferior in quality compared to leather. In sum, LVMH has omitted the valuable constituent of leather from the Product, and replaced the leather with a lesser-quality substance to make the Product appear better and deceive consumers into concluding the Product is of a greater value than it truly is. Similarly, LVMH deliberately misleads consumers about how much of the Product is actually leather.

20.    Plaintiff is a California resident who purchased a unit of the Product during the covered time period, in approximately November 2023, when she bought a neon yellow-colored unit of the Product.

21.    When Plaintiff initiated her transaction with LVMH in November 2023, LVMH advertised her unit of the Product as "leather" and represented to Plaintiff that the item she was buying was a "leather good" and a travel duffel made entirely leather of leather. Plaintiff reasonably Plaintiff reasonably made her purchasing decision based upon LVMH's representations about the

Product being comprised solely of leather and the challenged advertised claims prominently displayed throughout the Product's marketing scheme. When Plaintiff conducted her purchase in November 2023, did not know the duffel she was buying from LVMH was actually made with substantial amounts of non-leather and was far from being made entirely of leather. Moreover, Plaintiff bought the unit of the Product without knowledge of the facts that the Product was actually not made of leather and failed to provide its marketed value and benefits. Undoubtedly, the composition of handbags and luggage (such as the duffel Plaintiff bought in November 2023) are important to consumers. Individuals consider the material that a manufacturer uses to produce a handbag or travel bag to ascertain how long the item will last. Furthermore, reasonable consumers associate leather with being a higher quality material and believe that products made from leather will last longer and have more durability. The trait of durability is an especially important attribute to consumers when they purchase bags they will use to travel, such as the unit of the Product Plaintiff bought in November 2023.

22.    LVMH knows that consumers like Plaintiff would find the challenged attributes important in their decision to purchase the Product. That is clearly why LVMH chose to emphasize the advertising claim and prominently marketed the Product as leather goods. Plaintiff used a unit of the Product as instructed and would not have purchased it if she had known that the advertising as described herein was false, misleading, and deceptive. Plaintiff suffered injury in fact as is entitled to restitution damages in an amount to be determined at trial. In reliance on LVMH's misleading marketing and deceptive advertising practices of the Product, Plaintiff and similarly situated class members reasonably thought they were purchasing items made predominantly or entirely of leather and that provided certain advantages, quality and value. In fact, neither Plaintiff nor any of the member of the putative class received any of the benefits or level of quality they reasonably thought they were buying. Consequently, consumers are consistently misled into purchasing the Product for the commonly known and/or advertised benefits and characteristics when in fact no such benefits could be conferred by the Product.

23.    Thus, because the Product is not leather, consumers are not receiving the benefit of their bargain. LVMH has no reasonable basis for labelling, advertising, marketing and packaging

the Product as leather or lying to consumers about the composition of the Product. As a result, consumers are consistently misled into purchasing the Product for the commonly known and/or advertised benefits and characteristics of leather when in fact no such benefits could be had given that the Product is in fact devoid of leather. Plaintiff used a unit of the Product as instructed and would not have purchased it if she had known that the advertising as described herein was false, misleading, and deceptive.

24. Reasonable consumers rely on product labelling in making their purchasing decisions. When a consumer sees a handbag identified and labelled as "100 % leather," or "genuine leather," s/he reasonably expects the good is actually leather. In reliance on LVMH's misleading marketing and deceptive advertising practices of the Product, Plaintiff and similarly situated class members reasonably thought they were purchasing a handbag that was made of leather, as well as a higher quality type of item and that provided particular benefits. In fact, neither Plaintiff nor any of the member of the putative class received any of the benefits, or composition they reasonably thought they were buying. As a result, consumers are consistently misled into purchasing the Product for the commonly known and/or advertised benefits and characteristics when in fact no such benefits could be conferred by the Product.

25. Plaintiff purchased the Product in reliance upon the challenged advertising claims without knowledge of the fact that the Product did not actually provide their advertised composition or benefits at all. Plaintiff used the Product as instructed and would not have purchased the Product if she had known that the advertising as described herein was false, misleading, and deceptive. Plaintiff actually relied on LVMH's misrepresentations and suffered injuries as a result. If the Product was advertised truthfully, Plaintiff would consider paying LVMH for it.

26. LVMH knew and should have known that their marketing of the Product was deceptive, since LVMH controls how the Product was manufactured, and implemented and whether consumers would actually be provided with the Product's advertised benefits. Overall, the Product's advertising is false, misleading and likely to deceive and confuse members of the public. LVMH's misrepresentations here are undoubtedly material to reasonable individuals. When a person pays for a handbag, major attributes s/he values are the composition.

27.    Plaintiff purchased units of the Product in California from one of LVMH's retail location in California in November 2023.  Plaintiff would not have purchased the Product if she had known about the Product's marketing scheme, as described herein was false, misleading, and deceptive. In reliance on LVMH's dishonest and deceptive advertising practices of the Product, Plaintiff and similarly situated class members bought units of the Product they otherwise would not have purchased. LVMH has no reasonable basis for labelling, advertising, and marketing the Product in the deceptive manner identified herein. As a result, consumers are consistently misled into purchasing the Product, and also tricked into paying unjustified higher prices to LVMH.

28.    As a direct and proximate result of LVMH's violation of the CLRA, Plaintiff and the Class purchased units of the Product they otherwise would not have purchased and were tricked into paying a higher price. Therefore, they are entitled to restitution of monies to be determined at trial. Moreover, LVMH continues to engage in its deceptive practices and is still furthering a misleading marketing scheme for the Product. Hence, the putative class continues to enter into transactions and expend money in reliance upon the uniformly false and misleading claims of the Product, as well as other advertising of the Product.

29.    The misrepresentations to which LVMH exposed Plaintiff did not only occur in the retail location where she bought her unit of the Product. LVMH relies on the same false advertising scheme on a statewide and nationwide basis, and engages in deceptive marketing tactics uniformly for all units of the Product. Additionally, LVMH's misconduct is not limited solely to the unit of the Product that Plaintiff bought in November 2023. Notably, studies have shown that various other Louis Vuitton ® handbag and goods made by LVMH lie to consumers about the item's composition and the amount of leather in the item. Some units of the Product are advertised as being made of leather when in reality they contain no leather at all. Plaintiff and all Class Members were subjected to the same gravamen: regardless of which unit of the Product they bought, the critical issue here is that all members of the class received a good that was comprised of less leather than LVMH advertised. Similarly, all class members were congruently misled by LVMH about the Product's percentage of non-leather and leather composition.

30.    Plaintiff would like to buy the Product again, but will be unable to reply on the Product's advertising or labelling without an injunction. Additionally, Plaintiff might purchase a unit of the Product again if she believed the Product had been improved.

## FRCP 9(b) ALLEGATIONS

31.    Although LVMH is in the best position to know what content it placed on its packaging, labeling, websites(s) and other marketing and advertising during the relevant timeframe, and the knowledge that it had regarding the Product's composition and LVMH's failure to disclose the truth about the Product's components to Plaintiff and consumers, to the extent necessary, Plaintiff satisfies the requirements of Rule 9(b) by alleging the following facts with particularity:

32.    **WHO**: LVMH made the misrepresentations about the Product's composition throughout the advertising, packaging, labeling and marketing scheme it perpetuated for the Product.

33.    **WHAT**: LVMH's conduct here was and continues to be, deceptive and fraudulent because of its misrepresentations and fraudulent omissions about the Product's composition. Thus, LVMH's conduct deceived Plaintiff and Class Members into believing that the Product was manufactured and sold with represented qualities. LVMH knew, or should have known, the information about the Product's composition  is material to reasonable consumers, including Plaintiff and Class Members in making their purchasing decisions, yet it continues to pervasively market the Product as possessing qualities it does not have and fraudulently omitting the truth about the Product being made with materials different from what LVMH represents.

34.    **WHEN**: LVMH made material misrepresentations, false statements and/or material omissions during the putative class periods and at the time Plaintiff and Class Members bought the Product, prior to and the time Plaintiff and Class Members made claims after realizing the Product lacked its marketed composition and continuously throughout the applicable class periods.

35.    **WHERE**: LVMH's marketing message was uniform and pervasive, carried through false statements, misrepresentations and/or omissions on the Product's packaging, labeling, and in its marketing and advertising.

36.  **HOW**: LVMH made false statements, misrepresentations and/or material omissions regarding the Product's composition and the material used to manufacture the Product.

37.  **WHY**: LVMH made the false statements, misrepresentations and/or material omissions detailed herein for the express purpose of inducing Plaintiff, Class Members and all reasonable consumers to purchase and/or pay for the Product over other handbags, the effect of which was that LVMH profited by selling the Product to many thousands of consumers.

38.  **INJURY**: Plaintiff and Class Members purchased, paid a premium or otherwise paid more for the Product when they otherwise would not have, absent LVMH's misrepresentations, false and misleading statements and material omissions.

## CLASS ACTION ALLEGATIONS

39.  Plaintiff brings this action individually and as representatives of all those similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), on behalf of herself and members of the following proposed multi-state class: During the fullest period allowed by law, all persons who purchased the Product in the States of California within the applicable statute of limitations for personal use and not resale, until the date notice is disseminated.

40.  Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a proposed class (the "Injunctive Relief Class") defined as follows:

**The Injunctive Relief Class.** All persons residing in California and its territories who have purchased units of the Product for their own use (which includes feeding their families), and not for resale since January 16, 2020. Plaintiff asks the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class; the Injunctive Relief Class does not seek any form of monetary relief.

41.  Additionally, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a proposed class (the "Monetary Relief Class") defined as follows:

**The Monetary Relief Class.** All persons residing in the State of California, and its territories who have purchased units of the Product for their own use and not for resale since January 16, 2020. Plaintiff asks the Court to adjudicate all remedies through the Monetary Relief Class.

42.    Collectively, the Injunctive Relief and the Monetary Relief are the "Class" or the "Classes."

43.    Excluded from the Class are: (a) LVMH, LVMH's board members, executive- level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediately family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

44.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as individual Class Members would use to prove those elements in individual actions alleging the same claims.

45.    **Numerosity**. The Class each consists of many thousands of persons, throughout the State of California as appropriate. Each Class is so numerous that joinder of all members is impracticable, and the disposition of each Class's claims in a class action will benefit the parties and the Court.

46.    **Commonality and Predominance**. Common questions of law and fact predominate over any questions affecting only individuals Class members. These common questions have the capacity to generate common answers that will drive resolution of this action. These common questions include, but not limited to, the following:

        i.    Whether Defendants were unjustly enriched by their conduct;

        ii.    Whether Class Members suffered an ascertainable loss as a result of LVMH's misrepresentations;

        iii.    Whether, as a result of LVMH's misconduct as alleged herein, Plaintiff and the Class Members are entitled to restitution, injunctive relieve and/or monetary relief, and if so, the amount and natural of such relief;

iv.  Whether Defendants made any statement they knew or should have known were false or misleading;

v.  Would trait about material used for manufacturing be considered "material" or important" to a reasonable consumer's decision as to whether to purchase the Product?

vi.  Did LVMH uniformly fail to disclose and conceal the Product's falsely marketed composition from prospective customers prior to purchase?;

vii.  Did LVMH have a duty to disclose the Product's actual composition material to potential customers prior to purchase?;

viii.  Did LVMH actively conceal the Product's actual composition?

ix.  Whether Defendants maintained a longstanding marketing policy, practice and strategy of labelling, advertising and selling the Product with the misrepresentations about the Product's identity and advantages.

x.  Whether the utility of LVMH's practices, if any, outweighed the gravity of the harm  to their victims;

xi.  Whether LVMH's conduct violated public policy, included as declared by specific constitutional, statutory, or regulatory provisions;

xii.  Whether LVMH's conduct or any of their practices violated the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.,* the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, or any other regulation, statute or law;

xiii.  The proper equitable and injunctive relief;

xiv.  The proper amount of restitution or disgorgement;

xv.  The proper amount of reasonable litigation expenses and attorneys' fees;

47.  This action is properly brought as a class action for the following reasons:

(a) The members in the proposed class are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties

1    and judicial economy.

2    (b) Plaintiff stands on equal footing with and can fairly and adequately protect the interests of

3    all members of the proposed class. All units of the Product bear LVMH's false advertising

4    labels and the deceptive marketing occurs simultaneously with the sales of units of Product.

5    Thus, every individual consumer who purchases the Product is exposed to the false

6    advertising. LVMH has, or has access to, address information for the Class Members,

7    which may be used for the purpose of providing notice of the pendency of this class action.

8    Further, the class definition itself describes a set of common characteristics sufficient to

9    allow a prospective plaintiff or class member to identify himself or herself as having a right

10    to recover based on the description.

11    (c) The disposition of Plaintiff's and proposed class members' claims in a class action will

12    provide substantial benefits to the parties and the Court;

13    (d) Plaintiff will fairly and adequately represent and protect the interests of the class, has no

14    interest incompatible with the interests of the class, and has retained counsel competent and

15    experienced in class actions, consumer protection, and false advertising litigation,

16    including within the context of consumer protection class actions. Plaintiff's attorneys have

17    the experience, knowledge, and resources to adequately and properly represent the interests

18    of the proposed class. Plaintiff will have no interests antagonistic to those of other proposed

19    class members, and she has retained attorneys experienced in consumer class actions and

20    complex litigation as counsel.;

21    (e) Class treatment is superior to other options for resolution of the controversy because the

22    relief sought for each class member is so small, that, absent representative litigation, it

23    would be infeasible for class members to redress the wrongs done to them. Prosecution of

24    separate actions by individual members of the proposed class would create a risk of

25    inconsistent or varying adjudications with respect to individual members of the class and

26    thus establish incompatible standards of conduct for the party or parties opposing the class.

27    Further, individual cases would be so numerous as to inefficiently exhaust judicial

28    resources. Plaintiff seeks damages and equitable relief on behalf of the proposed class on

grounds generally applicable to the entire proposed class.;

(f) Plaintiff's claims are typical of the claims of the members of the proposed class. Plaintiff and all class members have been injured by the same practices of LVMH. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all class members and are based on the same legal theories. Plaintiff's claims are typical of class members' claims, as they are based on the same underlying facts, events and circumstances relating to LVMH's conduct.;

48. LVMH has, or has access to, address information for the Class members, which may be used for the purpose of providing notice of the pendency of this class action. Further, the class definition itself describes a set of common characteristics sufficient to allow a prospective plaintiff or class member to identify himself or herself as having a right to recovery based on the description. LVMH's false statements exist on every one of the units of the Product themselves, and thus every individual consumer who purchases the Product is exposed to the false advertising.

49. Plaintiff seeks damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class. Additionally, Plaintiff reserves the right to establish subclasses as appropriate.

50. Absent LVMH's material deceptions, misstates, and omissions, Plaintiff and other Class Members would not have purchased units of the Product.

51. **Typicality**. Plaintiff's claims are typical of the claims of the Class because Plaintiff and the other Class Members all purchased units of the Product and were injured thereby. The claims of Plaintiff and the Other Class Members are based on the same legal theories and arise from the same false and misleading conduct.

52. **Adequacy of Representation**. Plaintiff is an adequate representative of the Class because her interests do not conflict with those of the other Class members. Each Class member seeks damages reflecting a similar and discrete purchase, or similar and discrete purchases, that each Class member made. Plaintiff has retained competent and experienced class action counsel who intend to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the Class Members' interests.

53.   **Injunctive or Declaratory Relief**. The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as LVMH has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

54.   **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. The amount at stake for each Class member, while significant, is such that individual litigation would be inefficient and cost-prohibitive. Additionally, adjudication of this controversy as a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein. Plaintiff anticipates no difficulty in the management of this action as a class action.

55.   **Notice to the Class.** Plaintiff and her counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

56.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims, respectively, is impracticable. Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every Class Member could afford individual litigation, the adjudication of tens of thousands of claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the Class Members. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications

or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

## FIRST CAUSE OF ACTION

### Common Law Fraud

57.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the members of her proposed Class.

58.    As discussed above, LVMH provided Plaintiff and the Class Members with false or misleading material information and failed to disclose material facts about the Product, including but not limited to the fact that the Product did not actually provide its advertised benefits or composition.

59.    The misrepresentations and omissions made by LVMH, upon which Plaintiff the Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase the Product.

60.    The fraudulent actions of LVMH caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## SECOND CAUSE OF ACTION

### Intentional Misrepresentation

61.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.  Plaintiff brings this claim individually and on behalf of the members of her proposed Class.

62.    LVMH represented to Plaintiff and other class members that important facts were true. More specifically, LVMH represented to Plaintiff and the other class members through their advertising and labelling scheme for the Product, including misrepresentations about the Product's composition and advantages.

63.    LVMH's representations were false. LVMH knew that the misrepresentations were false when they made them, or LVMH made the representations recklessly  and without regard for their truth. LVMH intended that Plaintiff and other class members rely on the representations.

64.   Plaintiff and the other class members reasonably relied on LVMH's representations.

65.   Plaintiff and the other class members were financially harmed and suffered other damages, including but not limited to, emotional distress. LVMH's misrepresentations and/or nondisclosure were the immediate cause of Plaintiff and the other class members purchasing the Product. Plaintiff's and the other class members' reliance on LVMH's representations was the immediate cause of the financial loss and other injuries (of the type that would naturally result from being tricked into paying for a handbag that lacks its advertised benefits and composition) sustained by Plaintiff and the other class members.

66.   In absence of LVMH's misrepresentations and/or nondisclosure, as described above, Plaintiff and the other class members, in all reasonable probability, would not have purchased the Product.

## THIRD CAUSE OF ACTION

### Negligent Misrepresentation

67.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

68.   Plaintiff brings this claim individually and on behalf of the proposed Class against LVMH.

69.   As discussed above, LVMH systematically marketed misrepresentations about the Product's composition and benefits. LVMH had a duty to disclose this information.

70.   At the time LVMH made these misrepresentations, LVMH knew or should have known that these misrepresentations were false or made them without knowledge of their truth or veracity.

71.   At an absolute minimum, LVMH negligently misrepresented or negligently omitted material facts about the Product. The negligent misrepresentations and omissions made by LVMH, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase the Product. Plaintiff and Class Members would not have bought the Product if they had known the true facts.

72.     The negligent actions of LVMH caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

### FOURTH CAUSE OF ACTION

### Unjust Enrichment

73.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the proposed Class against LVMH.

74.     Plaintiff and Class Members conferred benefit on LVMH by purchasing the Product.

75.     LVMH has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Product. Retention of those moneys under these circumstances is unjust and inequitable because the Product is falsely advertised.  LVMH's false advertising and deceptive advertising marketing for the Product, as well as LVMH's financing tactics for the Product, resulted in purchasers being denied the full benefit of their purchase.

76.     Because LVMH's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, LVMH must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

### FIFTH CAUSE OF ACTION

### Violation of Cal. Civ. Code §§1750, *et seq*.

77.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

78.     The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

79.     Defendants are each a "person" under the CLRA. Cal. Civ. Code §1761 (c).

80.   Plaintiff and the putative Class Members are "consumers" under the CLRA.  Cal. Civ. Code §1761 (d).

81.   The Product constitutes a "good" under the CLRA. Cal. Civ. Code §1761 (a).

82.   Plaintiff and the putative Class Members' purchases of the Product within the Class Period constitute "transactions" under the CLRA. Cal. Civ. Code §1761 (e).

83.   LVMH's actions and conduct described herein reflect transactions that have resulted in the sale of goods to consumers.

84.   LVMH's failure to label the Product in accordance with California labelling requirements constitutes an unfair, deceptive, unlawful and unconscionable commercial practice.

85.   LVMH's actions have violated at least seven provisions of the CLRA, including §§ 1770 (a)(1), 1770(a)(2),1770(a)(3), 1770(a)(5), 1770(a)(7), 1770 (a)(9), and 1770(a)(16).

86.   As a result of LVMH's violations, Plaintiff and the Class suffered, and continue to suffer, ascertainable losses in the form of the purchase price they paid for the unlawfully labelled and marketed Product, which they would not have paid had the Product been labelled and marketed correctly, or in the form of the reduced value of the Product relative to the Product as advertised and the retail price they paid.

87.   Pursuant to § 1782 of the CLRA Plaintiff notified LVMH in writing of the particular violations of § 1770 of the CLRA, and demanded LVMH rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and to give notice to all affected consumers of their intent to do so. On or about January 16, 2024, Plaintiff sent LVMH a notice and demand letter, notifying LVMH of its violations of the CLRA and demanding that within 30 days, LVMH remedy the unlawful, unfair, false, and/or deceptive practices complained of herein. Plaintiff advised LVMH that if LVMH refused the demand, Plaintiff would seek monetary damages for herself and all others similarly situated, as well as injunctive relief, restitution, and any other relief the Court may deem just and proper. LVMH has failed to comply with the letter. Consequently, pursuant to California Civil Code §1782, Plaintiff, on behalf of herself and all other members of the Class, seeks compensatory damages and restitution of any ill-gotten gains due to LVMH's acts and practices that violate the CLRA.

88.    LVMH has failed to rectify or agree to rectify at least some of the violations associated with actions detailed above and give notice to all affected consumers within 30 days of receipt of the Cal. Civ. Code § 1782 notice.  Thus, Plaintiff seeks actual damages and punitive damages for violations of the Act.

89.    In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiff is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

90.    Plaintiff and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

91.    In compliance with Cal. Civ. Code § 1780(d), an affidavit of venue is filed concurrently herewith.

92.    Notably, the Notice was also sent directly to LVMH's Chief Executive Officer and put him on notice of the false advertising detailed herein. Even after being notified by Plaintiff's CLRA Notice, LVMH's  CEO chose to keep the Product's deceptive advertising scheme intact. Hence, at least one of LVMH's  officers, directors and managing agents consciously disregarded, authorized and ratified each act of oppression, malice and fraud. Likewise, LVMH's  senior officers and directors allowed the Product to be sold with full knowledge or reckless disregard that the challenged marketing claims are fraudulent, deceptive and misleading. Accordingly, Plaintiff has valid grounds to recover punitive damages here. *White v. Ultramar, Inc.* (1999) 21 Cal. 4th 563, 572; *Kanfer v. Pharmacare US, Inc.* (2015) 142 F. Supp. 3d 1091, 1108.

## SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17500, *et seq.*

93.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

94.    LVMH engaged in unfair and deceptive acts and practices, in violation of the California Business and Professions Code § 17500 *et seq*., by marketing and/or selling the Product without disclosure of material fact about the Product. These acts and practices, as described above, have deceived Plaintiff and other class members, causing them to lose money as herein alleged and

have deceived and are likely to deceive the consuming public, in violation of those sections. Accordingly, LVMH's business acts and practices, as alleged herein, have caused injury to Plaintiff and the other class members.

95.    As detailed above, LVMH had a duty to disclose the Product's inability to confer its advertised composition and benefits because this information reflected material facts of which LVMH had exclusive knowledge. LVMH actively concealed these material facts and LVMH made partial representations about the Product but suppressed some material facts. LVMH's misrepresentation and/or nondisclosure of the material fact was the immediate cause of Plaintiff and the other class members purchasing the Product. In the absence of LVMH's misrepresentation and/or nondisclosure of facts, as described above, Plaintiff and other class members would not have purchased the Product.

96.    Plaintiff and the other class members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by LVMH as a result of such business acts or practices, and enjoining LVMH to cease and desist from engaging in the practices described herein.

97.    Here, equitable relief is appropriate because Plaintiff may lack an adequate remedy at law, if, for instance, damages resulting from her purchase of the Product is determined to be an amount less than the premium price of the Product. Without compensation for the full premium price of the Product, Plaintiff would be left without the parity in purchasing power to which she is entitled.

98.    Injunctive relief is also appropriate, and indeed necessary, to require LVMH to provide full and accurate disclosures regarding the Product, so that Plaintiff and Class members can reasonably rely on the Product's advertising and marketing, as well as those of LVMH's competitors who may then have an incentive to follow LVMH's deceptive practices, further misleading consumers.

99.    Restitution and/or injunctive relief may also be more certain, prompt, and efficient than other legal remedies requested herein. The return of the full price or full premium price, and an injunction requiring either (1) adequate disclosures of the Product's true benefits or (2) the

removal of Product's false advertising scheme, will ensure that Plaintiff and other Class Members are in the same place they would have been in had 's wrongful conduct not occurred, *i.e.*, in the position to make an informed decision about the purchase of the Product's absent omissions.

100.    Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA and restitution is not limited to returning to Plaintiff and class members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA are more limited than the equitable remedies available under the FAL, and are therefore inadequate.

## SEVENTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, *et seq*.

101.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

102.    The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200. Under California Business & Professions Code §17200, any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice.

103.    The acts, omissions, misrepresentations, practices, and non-disclosures as of the alleged herein constitute business acts and practices.

### A.    "Unfair" Prong

104.    LVMH's conduct within respect to the labelling, advertising and sale of the Product was unfair because LVMH's conduct was immoral, unethical, unscrupulous or substantially injurious to consumers, and the utility of LVMH's conduct, if any, does not outweigh the gravity of the harm to their victims.

105.    LVMH's conduct with respect to the labelling, advertising, and sale of the Product was also unfair because it violates public policy as declared by the specific constitutional, statutory or regulatory provisions, including but not necessarily limited to the False Advertising Law, and the Consumer Legal Remedies Act.  LVMH's conduct with respect to the labelling, advertising and sale

of the Product was and is also unfair because the consumer injury was substantial, not outweighed by the benefit to the consumers or competition, and not one that consumers themselves could have reasonably avoided. Specifically, the increase in profits obtained by LVMH through the misleading labelling does not outweigh the harm to Class Members who were deceived into purchasing the Product unaware that the Product does not actually confer its advertised composition or benefits. Consumers could not have reasonably avoided the harm because this would have required consumers to conduct testing and analysis on the Product before they bought it, which is not a reasonable or possible expectation. Further, the harm could have easily been avoided by LVMH because there were reasonable available alternatives to further LVMH's legitimate business interests, other than the conduct described herein. LVMH could have marketed, labelled, and advertised the Product truthfully, without any dishonest claims about the Product's composition and benefits.

106.   LVMH profited from the sale of the falsely, deceptively and unlawfully advertised Product to unwary consumers.

107.   Plaintiff and Class Members are likely to continue to be damaged by LVMH's deceptive trade practices because LVMH continues to disseminate misleading information. Thus, injunctive relief enjoying LVMH's practices is proper.

108.   LVMH's conduct caused and continues to cause substantial injury to Plaintiff and other Class Members. Plaintiff has suffered injury in fact as a result of LVMH's unlawful conduct.

109.   In accordance with  Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining LVMH from continuing to conduct business through unlawful, unfair and/or fraudulent acts and practices.

110.   Plaintiff and the Class also seek an order for the restitution of all monies from the sale of the Product, which were unjustly acquired through acts of unlawful competition.

111.   Because Plaintiff's claims under the "unfair" prong of the UCL sweep more broadly than their claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of LVMH's challenged behavior.

///

1

### B.    "Fraudulent" Prong

2

112.   A statement or practice is fraudulent under the UCL if it likely to deceive a significant

3

portion of the public, applying an objective reasonable consumer standard.

4

113.   LVMH's marketing, labelling, and advertising of the Product, as alleged in the

5

preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent

6

conduct. As alleged in the preceding paragraphs, the misrepresentations by LVMH detailed above

7

constitute a fraudulent business practice in violation of California Business & Professions Code §

8

17200 because they are likely to, and did indeed, deceive members of the public.

9

### C.    "Unlawful" Prong

10

114.   As set forth herein, LVMH's labelling and marketing of the Product are "unlawful"

11

under the UCL in that they violate at least the following laws: The Consumers Legal Remedies Act,

12

Cal. Civ. Code §§ 1750, *et. seq.,* and the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500,

13

*et. seq.*

14

115.   By violating these laws, LVMH has engaged in unlawful business acts and practices,

15

which constitute unfair competition within the meaning of Business & Professions Code §17200.

16

### EIGHTH CAUSE OF ACTION

17

### Breach of Express Warranties, Cal. Com. Code § 2313(1)

18

116.   Plaintiff re-alleges and incorporates by reference the allegations contained in the

19

paragraphs above as if fully set forth herein.

20

117.   Through the Product's labelling, LVMH made affirmations of fact, or promises, or

21

description of goods, that *inter alia*, the Product is made of leather.

22

118.   These representations were "part of the basis of the bargain," in that Plaintiff and the

23

Class purchased the Product in reasonable reliance on those statements. Cal.Com. Code §2313(1).

24

119.   LVMH breached its express warranties by selling the Product that lacks leather and

25

its advertised composition.

26

120.   The breach actually and proximately caused injury in the form of the lost purchase

27

price that Plaintiff and Class Members paid for the Product.

28

121.   As a result, Plaintiff seeks, on behalf of herself and other Class Members, their actual

damages arising as a result of LVMH's breach of express warranty, including, without limitation, expectation damages.

## NINTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314

122.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

123.   As set forth herein, LVMH manufactured and sold the Product, and prior to the time the Product was purchased by Plaintiff and other Class Members, impliedly warranted that the Product was of merchantable quality and fit for its ordinary use, i.e. a leather handbag.

124.   LVMH is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there were, in the sale to Plaintiff and the Class, implied warranties that those goods were merchantable.

125.   LVMH impliedly warranted to retail buyers that the Product was merchantable in that it (a) would pass without objection in the trade or industry under the contract description, and (b) was fit for the ordinary purpose for which the Product was used. LVMH breached this implied warranty because the Product  did not contain leather and was not a leather handbag and lacked its marketed composition. Therefore, the Product would not pass without objection in the trade or industry and was not fit for the ordinary purpose for which it was used, which is a leather handbag.

126.   Moreover, LVMH through its. acts set forth herein, in the sale, marketing and promotion of the Product, made representations to Plaintiff and the Class Members that, among other things, the Product is made from leather. However, the Product does not have its marketed composition or genuine leather, as forth in detail herein. Thus, LVMH breached that implied warranty.

127.   LVMH was on notice of this breach as it was aware that advertised components were absent from the Product's composition. LVMH had this notice because it controls the manufacturing of the Product, and knows exactly which materials and components are omitted from and used to make the Product.

128.   As a direct and proximate cause of LVMH's breach of the implied warranty, Plaintiff

and the Class did not receive goods as impliedly warranted by LVMH to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods. Further, Plaintiff and the Class have been injured and harmed because they would not have purchased the Product or would have paid less for it if they knew the truth about the Product, namely that it lacked leather as a component.

129.   As a result, Plaintiff seeks actual damages, including, without limitation, expectation damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.   This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiff as representative of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

B.   For an order declaring the LVMH's conduct violates the statutes referenced herein;

C.   That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

D.   That the Court awards Plaintiff and proposed class members the costs of this action, including reasonable attorneys' fees and expenses;

E.   For an order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

F.   That the Court awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of LVMH's ill-gotten gains, to ensure that Plaintiff and proposed class members have an effective remedy;

G.   That the Court awards pre-judgment and post-judgment interest at the legal rate;

H.   That the Court orders appropriate declaratory relief; and

I.   That the Court grants such other and further as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:        January 20, 2026                  **DOGRA LAW GROUP PC**

By: _____

Shalini Dogra
2219 Main Street, Unit 239
Santa Monica, CA 90405
*Attorney for Plaintiff*

CLASS ACTION COMPLAINT